## CULVER *against* WEBB.

*A* offered to sell *B* a patent right for 800 dollars. *B* declined to purchase, unless *C*, in whose knowledge and skill he had confidence, would take one half with him. *A* then went to *C*, and agreed with him, that he should, jointly with *B*, purchase the right; *A* would take the notes of *B* and *C*, for 400 dollars, each ; and, as soon as the business was closed, *A* would give up to *C* his note, and pay him 12 dollars besides. This arrangement was carried into effect. *B* was thus induced to purchase one half the right; but he afterwards sold it, for a greater sum, after deducting all expenses, than he gave for it. In an action brought by *B* against *A* for the fraud, it was held, that inasmuch as *B* was thereby defeated in his object of obtaining *C* as a joint owner, with a substantial interest, this was not a case of fraud without damage, but *B* was entitled to recover damages commensurate with the injury he had thus sustained, and the extent of that injury was to be determined by the jury.

THIS was an action for fraud in the sale of a patent right ; tried at *Hartford, February* term, 1838, before *Williams,* Ch. J.

The plaintiff claimed to have proved the following facts. Being desirous of purchasing one of *Tyler's* threshing machines, for his farm in *New-Hampshire,* he applied to the defendant, who claimed to have the patent right, to purchase it; but he declined selling single machines, but offered him the right for the state of *New-Hampshire.* This the plaintiff declined to

*Hartford,*
*June,* 1838.

Culver
*v.*
Webb.

purchase, unless one *Ormsby,* in whose knowledge and skill in such subjects he had confidence, would take one half with him. The defendant asked 1000 dollars for the right, but finally offered to take 800. To induce the plaintiff to purchase, the defendant fraudulently combined with *Ormsby,* and agreed, that if he would enter into a contract with the plaintiff to purchase the right for the state of *New-Hampshire,* he would, in the presence of the plaintiff, receive *Ormsby's* note for 400 dollars, and also the plaintiff's note for 400 dollars; and, as soon as the business was closed with the plaintiff, and they had separated, the defendant would give up *Ormsby's* note to him, and pay him 12 dollars, 50 cents, for thus inducing the plaintiff to pay 400 dollars. They then met the plaintiff, who, with *Ormsby,* received a transfer of the right for the state of *New-Hampshire.* The plaintiff paid to the defendant, his 400 dollars, in a manner satisfactory to the defendant; and *Ormsby,* in his presence, at the same time, gave his note to the defendant, for 400 dollars; and as soon as the plaintiff and defendant separated, the defendant, in pursuance of his agreement with *Ormsby,* delivered up to him his note for 400 dollars, and paid him 12 dollars, 50 cents. This transaction, the plaintiff claimed, was a fraud upon him, and a damage to him; but he introduced no other evidence of damage.

The defendant denied these facts; and also claimed to have proved, that the contract was highly beneficial to the plaintiff; that he sold the right for a greater sum than he gave for it, deducting all his expenses; and that he had sustained no damage, even if the facts claimed by the plaintiff, were proved; and prayed the court so to instruct the jury.

The court charged the jury, that to subject the defendant, there must be fraud upon his part, and a damage to the plaintiff; for that fraud without damage, or damage without fraud, would not support an action. But if the proof in the case supported the claim made by the plaintiff in his declaration, he might recover, although he had in fact sold his interest in the patent right for a larger sum, deducting all expenses, than he paid the defendant.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a misdirection.

*W. W. Ellsworth,* in support of the motion, contended, That the plaintiff had sustained no legal damage. He got the thing he wanted; and he got it in connexion with *Ormsby.* It was also worth to him as much as he paid for it. He lost nothing by the transaction. If there ever was a case of fraud without damage, this was one.

Hartford,
June, 1838.

Culver
*v.*
Webb.

*Hungerford* and *Chapman,* contra, contended, 1. That from the facts found the *law* will *imply* damage.

2. That if otherwise, the *jury* might properly *infer* damage. It was an object with the plaintiff, without which he would not have made the purchase, to have *Ormsby* interested with him in the patent-right. He relied upon *Ormsby's* knowledge and skill. Of this advantage he has been deprived, by the fraudulent management of the defendant.

3. That the question of actual damage was, by the charge, put to the jury, upon the evidence, and they have found it.

WAITE, J. There is no pretence that the law respecting the plaintiff's *right* to recover, was not correctly stated to the jury. The defendant however insists, that if the plaintiff has sold the interest in the patent-right, conveyed to him, for a greater sum than he paid for it, after deducting all his expenses, he has sustained no damage, and that the judge ought so to have instructed the jury. We can, by no means, accede to this proposition. The plaintiff is unquestionably entitled to recover damages, commensurate with the injury he has sustained, by the fraudulent conduct of the defendant. The proper enquiry for the jury was, what was the extent of that injury.

It appears from the motion, that the plaintiff was induced to make the purchase in consequence of the purchase of a like interest by *Ormsby,* in whose knowledge and skill upon such subjects, he had confidence. He doubtless relied upon *Ormsby's* aid and assistance in the sale of the patent. It became, therefore, an object to make him *interested* in the purchase, that he might also be *interested* in the sale. But *Ormsby* might feel a far less interest in the property, obtained without any expense to him, from what he would, had he actually paid the same sum, which the plaintiff paid. His assistance in the sale might have been much less in the one case, than it would have been in the other. And although, the

*Hartford,*
*June, 1838.*
———
Culver
*v.*
Webb

plaintiff ultimately succeeded in realizing more than the patent cost him, yet it by no means follows, that he would not have realized a still greater sum, had *Ormsby* been interested, in the manner contemplated by him, at the time of the purchase. At any rate, this was a proper subject for the consideration of the jury ; and the judge did right in submitting to them the question of damages, in the manner he did.

The motion for a new trial must, therefore, be denied.

In this opinion the other Judges concurred.

New trial not to be granted.